[894 NYS2d 836]

In the Matter of the Estate of ANNA GARRICK, Deceased.

Surrogate's Court, New York County, December 7, 2009

## APPEARANCES OF COUNSEL

*Valerie Dallafiora*, applicant pro se.

## OPINION OF THE COURT

KRISTIN BOOTH GLEN, S.

This case presents the question whether the $30,000 limit on estates eligible for informal administration, which became effective January 1, 2009 (L 2008, ch 300) applies to estates in which the decedent died prior to that date, or whether such estates are governed by the limit in effect as of the death of the decedent.

Valerie Dallafiora has filed an affidavit seeking to qualify as voluntary administrator of the estate of her aunt, Anna Garrick, pursuant to SCPA article 13. The decedent died intestate on July 2, 1998 with an estate consisting of personal property now valued at $22,678.

SCPA article 13 allows a person who qualifies as voluntary administrator to settle an estate without the formality of a court proceeding. The procedure is available for "small" estates, defined under current law as estates having personal property valued at $30,000 or less (SCPA 1301 [1]).* When the decedent here died in 1998, the applicable limit on estates eligible for informal administration was $20,000.

The prior $20,000 limit was in effect since 1996 when the legislature increased the size of eligible "small" estates from $10,000. The 1996 legislation included the following language: "This act [increasing the limit from $10,000 to $20,000] shall take effect thirty days after it shall have become law [eff. Aug. 29, 1996] and shall apply to estates of decedents dying on and after such date" (L 1996, ch 373, § 2). In contrast, the amendment fixing the current level at $30,000 contains no explicit language for the date of its application.

Statutes are generally deemed to operate prospectively only (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]) but remedial statutes fall within an exception to the general rule. Remedial statutes are presumed to apply retroactively, provided that the legislation does not specify to the contrary and does not impair vested rights (Statutes § 54 [a]).

Amendments increasing the limit on small estates are remedial in nature, intended, as they are, to adjust for inflation (Turano, 1996 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 1301, 2009 Pocket Part, at 29), or to extend the benefits of the statute further (id., 2008 Supp Practice Commentary). Omission from the recent amendment of any direction for its applicable date is further indication that the legislature did not intend to restrict its application, as it

---

* The limit is exclusive of property set off for a surviving spouse or children under the age of 21 pursuant to EPTL 5-3.1.

had previously done so clearly and explicitly in the 1996 amendment.

In this case, there was delay in administering the decedent's estate because her heirs were not aware of the property she left until her niece learned of estate assets held in the State's Abandoned Property Fund. Since the assets are now valued below the current limit for small estate administration, the decedent's date of death is immaterial to the purpose of the statute and no rights are abridged by applying the limit retroactively. The application has therefore been accepted for filing, and certificates of voluntary administration have issued accordingly.